**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC.,<br>8001 Forbes Place<br>Suite 202<br>Springfield, VA  22151<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br>935 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20535-0001<br><br>        Defendant. | Civil Action No. 20-cv-206 |

**COMPLAINT**

Plaintiff Gun Owners of America, Inc. brings this action against Defendant Federal Bureau of Investigation ("FBI") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Gun Owners of America is a California non-stock corporation with its principal place of business in Springfield, Virginia.  Gun Owners of America is organized and operated as a non-profit membership organization, exempt from federal income taxes under

Section 501(c)(4) of the Internal Revenue Code. Gun Owners of America seeks to promote social welfare through informing and educating the public on and conducting activities in defense of the Second Amendment and the right to keep and bear arms.

4. Defendant Federal Bureau of Investigation is a law enforcement bureau within the U.S. Depatment of Justice, a department of the United States Government, and is headquartered at 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On October 4, 2019, Plaintiff submitted an FOIA request, online, through Defendant's eFOIPA portal. *See* Exhibit A.

6. The request sought records relating to a form promulgated by Defendant, entitled "NICS Indices Self-Submission Form," purporting to allow otherwise eligible persons to report themselves to the federal government as ineligible to purchase or possess firearms.

7. Specifically, Plaintiff's FOIA request sought:

(a) a copy of this document, along with any other documents, instructions, or guidance that may accompany this document;
(b) records regarding the origin of this document, and information related to its use by FBI personnel;
(c) records regarding other government agencies or entities that have been asked to use or have used this document;
(d) records relating to any stated constitutional or legal basis or other justification for this document, and/or explaining why it was created;
(e) records regarding the process by which the names of persons who sign this document are entered to the NICS system;
(f) records regarding situations where the FBI, ATF, or other agency has knowledge that a person has not been "adjudicated" mentally defective or "committed" to a mental institution, but nevertheless submits their information to NICS as a prohibited person on the basis of their having signed this document; and
(g) records relating to either the number of persons who have been submitted to NICS pursuant to this document or, if not available, then copies of all signed documents (with identifying information redacted).

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to respond to Plaintiff's FOIA requests within 20 working days of this request. Defendant did not respond substantively.

9. On October 10, 2019, Defendant sent a letter to Plaintiff, acknowledging receipt of Plaintiff's FOIA request, assigning it Tracking Number 1448966-000, stating that the request had been approved for processing, and that Plaintiff's request for a fee waiver was "under consideration." Exhibit B.

10. On January 10, 2020, Plaintiff's counsel called Defendant's FOIA office, and left a message, asking for an update on the status of Plaintiff's request.

11. On January 13, 2020, Defendant sent a response via email, stating that Plaintiff's request is in "Initial Processing," and that "the estimated date on which the FBI will complete action on your request is 1,591 days [4.4 years] from the date the FBI opened your request."

12. Plaintiff should not be required to wait this long for its request to be processed. The purposes of FOIA - governmental openness and accountability - will not be served by making gun owners wait years and years to discover what government bureaucrats are doing to facilitate, incentivize, or compel individual Americans to waive their constitutionally protected right to keep and bear arms.

13. The statutory deadline to respond has long passed, and Defendant has failed to provide a substantive response to Plaintiff's FOIA request. As of the date of this Complaint, Defendant has failed to produce all responsive records or assert any claims that responsive records are exempt from production.

14.     Since Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA request.  *See* 5 U.S.C. § 552(a)(6)(C).

15.     Plaintiff is a nonprofit organization seeking information with which to inform and educate the public about the workings of government.  Here, government appears to be working to extinguish the constitutionally protected rights of many Americans.  Release of the records requested is in the public interest.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

16.     Plaintiff realleges paragraphs 1 through 15 as though fully set forth herein.

17.     Defendant has failed to process and make a determination regarding Plaintiff's October 4, 2019 FOIA request within the statutory time limit, and is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

18.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gun Owners of America requests that the Court grant all appropriate relief for the violation of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiff's request;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Plaintiff's FOIA request;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

Dated: January 27, 2020

    /s/ Robert J. Olson
Robert J. Olson
(D.C. Bar No. 1029318)
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiff*
GUN OWNERS OF AMERICA, INC.