**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GUN OWNERS OF AMERICA, INC., )
8001 Forbes Place )
Suite 202 )
Springfield, VA  22151 )
 )
    Plaintiff, )   Civil Action No. 20-cv-206
 )
v. )
 )
FEDERAL BUREAU OF )
INVESTIGATION, )
935 Pennsylvania Avenue, N.W. )
Washington, D.C.  20535-0001 )
 )
    Defendant. )
_____)

## AMENDED COMPLAINT

Plaintiff Gun Owners of America, Inc. brings this action against Defendant Federal Bureau of Investigation ("FBI") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Gun Owners of America is a California non-stock corporation with its principal place of business in Springfield, Virginia.  Gun Owners of America is organized and operated as a non-profit membership organization, exempt from federal income taxes under

Section 501(c)(4) of the Internal Revenue Code.  Gun Owners of America seeks to promote social welfare through informing and educating the public on and conducting activities in defense of the Second Amendment and the right to keep and bear arms.

4.    Defendant Federal Bureau of Investigation is a law enforcement bureau within the U.S. Department of Justice, a department of the United States Government, and is headquartered at 935 Pennsylvania Avenue, N.W., Washington, D.C.  20535-0001.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.    On October 4, 2019, Plaintiff submitted an FOIA request, online, through Defendant's eFOIPA portal.  *See* Exhibit A.

6.    The request sought records relating to a form promulgated by Defendant, entitled "NICS Indices Self-Submission Form," purporting to allow otherwise eligible persons to report themselves to the federal government as ineligible to purchase or possess firearms.

7.    Specifically, Plaintiff's FOIA request sought:

(a) a copy of this document, along with any other documents, instructions, or guidance that may accompany this document;
(b) records regarding the origin of this document, and information related to its use by FBI personnel;
(c) records regarding other government agencies or entities that have been asked to use or have used this document;
(d) records relating to any stated constitutional or legal basis or other justification for this document, and/or explaining why it was created;
(e) records regarding the process by which the names of persons who sign this document are entered to the NICS system;
(f) records regarding situations where the FBI, ATF, or other agency has knowledge that a person has not been "adjudicated" mentally defective or "committed" to a mental institution, but nevertheless submits their information to NICS as a prohibited person on the basis of their having signed this document; and
(g) records relating to either the number of persons who have been submitted to NICS pursuant to this document or, if not available, then copies of all signed documents (with identifying information redacted).

2

8.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to respond to Plaintiff's FOIA requests within 20 working days of this request.  Defendant did not respond substantively.

9.      On October 10, 2019, Defendant sent a letter to Plaintiff, acknowledging receipt of Plaintiff's FOIA request, assigning it Tracking Number 1448966-000, stating that the request had been approved for processing, and that Plaintiff's request for a fee waiver was "under consideration."  Exhibit B.

10.     On January 10, 2020, Plaintiff's counsel called Defendant's FOIA office, and left a message, asking for an update on the status of Plaintiff's request.

11.     On January 13, 2020, Defendant sent a response via email, stating that Plaintiff's request is in "Initial Processing," and that "the estimated date on which the FBI will complete action on your request is 1,591 days [4.4 years] from the date the FBI opened your request."

12.     Plaintiff should not be required to wait this long for its request to be processed. The purposes of FOIA - governmental openness and accountability - will not be served by making gun owners wait years and years to discover what government bureaucrats are doing to facilitate, incentivize, or compel individual Americans to waive their constitutionally protected right to keep and bear arms.

13.     The statutory deadline to respond has long passed, and Defendant has failed to provide a substantive response to Plaintiff's FOIA request.  As of the date of the original Complaint, Defendant failed to produce all responsive records or assert any claims that responsive records are exempt from production.

14.     Since Defendant failed to comply with the time limit set forth in 5 U.S.C. §
552(a)(6)(A)(i), Plaintiff is deemed to have fully exhausted any and all administrative remedies
with respect to its FOIA request.  *See* 5 U.S.C. § 552(a)(6)(C).

15.     This lawsuit was filed on January 27, 2020.  Defendant answered the original
Complaint on March 26, 2020.  *See* Docket No. 8.

16.     By way of Joint Status Report dated June 1, 2020, Defendant averred that it had
not "completed a search for responsive documents yet."  *See* Docket No. 11.

17.     On June 8, 2020, the "Defendant's Records Office ('RIDS') resumed normal
operations."  *See* Docket No. 12.

18.     On August 4, 2020, the parties submitted a Joint Status Report with Defendant
stating that it had identified a "number of potentially responsive documents," but that "RIDS has
yet to complete its search."  *See* Docket No. 14.

19.     On September 23, 2020, the parties submitted a further Joint Status Report with
Defendant reporting that it had completed its search and planned to "make one release of all the
non-exempt, responsive records by October 30, 2020."  *See* Docket No. 15.

20.     On or about October 30, 2020, Defendant produced approximately seven pages of
records to Plaintiff and, on December 15, 2010, produced a *Vaughn* index of approximately 20
pages that had been withheld in full.

21.     Thereafter, the parties conferred about Defendant's production.  Plaintiff
explained that it did not intend to challenge Defendant's redactions and withholdings, but raised
questions as to the scope of Defendant's searches, which had uncovered a total of *zero pages* of
records about the creation and use of an FBI form which purports to permit a person to self-
identify as a "prohibited person" who may not own firearms, and allow the FBI to strip him or

her of Second Amendment rights on that basis.  The parties are now at odds on two categories of issues.

SCOPE OF PLAINTIFF'S FOIA REQUEST

22.     The plain language of Plaintiff's FOIA request is broader than how Defendant has chosen to process it, and Defendant has taken the position that it will not process some of the records it has found, believing them to be "outside the original FOIA request."

23.     Specifically, Plaintiff requested "information related to [] use [of an FBI form] by FBI personnel."  Exhibit B.  Defendant, however, has refused to process and produce FBI "investigative records" created when FBI personnel used the form in question, even though such records unquestionably would show how the form has been "use[d] by FBI personnel."

24.     Additionally, Plaintiff sought "records regarding the process by which the names of persons who sign this document are entered to the NICS system."  Exhibit B.  Yet Defendant has refused to produce such records, claiming that "information concerning the process by which FBI vetted the forms" before they were entered into NICS "would constitute an expansion beyond the scope of the original FOIA."

25.     Finally, based on Defendant's apparent gross misunderstanding of the scope of Plaintiff's FOIA request, Plaintiff believes that there may be other similar custodians and records which Defendant apparently believed were outside the scope of Plaintiff's request when performing its searches.

ADDITIONAL LIKELY REPOSITORIES OF RESPONSIVE RECORDS

26.     When asked, Defendant reported that the individual who created the FBI form at issue here has since retired, but that FOIA does not require the agency to interview that person about the document he/she created.  That may be so in a typical FOIA case where no records are

5

found, but this case involves a document which was created to purportedly allow a person to self-identify as a prohibited person under NICS, stripping someone of his/her Second Amendment right *for life*, and thereby adding additional categories of prohibited persons to the statute that Congress enacted – all allegedly accomplished without having creating a single government record subject to FOIA.  In fact, Plaintiff's counsel was informed that "agency counsel" at least initially "expressed the same curiosity" as to the complete lack of FBI records on this issue.  In such a case, it is appropriate to require the agency to dig deeper.

27.     Likewise, Plaintiff pointed Defendant to a specific FBI custodian to whom the form in question could be sent for processing.  Although initially admitting that such custodian exists and that Defendant "need[s] to confirm" those records had been searched, Defendant has failed to report back on this additional lead which Plaintiff provided.

28.     In other words, Plaintiff has provided Defendant with obvious leads of additional sources that are likely to turn up the information requested, but Defendant has refused to follow through to discover requested documents.

29.     Thus, Defendant has arbitrarily and wrongfully limited the scope of Plaintiff's FOIA request, and also has refused to fully search for and process responsive records.

30.     As such, Plaintiff should be permitted to engage in limited discovery with respect to the scope of the FBI's searches in this case, which involves the creation of the FBI form which is being used to strip individuals of Second Amendment rights, and documents concerning the utilization, policies, guidance and any other responsive document regarding the form at issue.

31.     Plaintiff is a nonprofit organization seeking information with which to inform and educate the public about the workings of government.  Here, government appears to be working

to extinguish the constitutionally protected rights of many Americans.  Release of the records requested is in the public interest.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

32.    Plaintiff realleges paragraphs 1 through 31 as though fully set forth herein.

33.    Defendant has failed to process and make a determination regarding Plaintiff's October 4, 2019 FOIA request within the statutory time limit, and is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

34.    Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gun Owners of America requests that the Court grant all appropriate relief for the violation of FOIA alleged above, including:

    a.    An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiff's request;

    b.    An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

    c.    An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Plaintiff's FOIA request;

d.   Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or

authority, including 5 U.S.C. § 552(a)(4)(E);

e.    Limited discovery as allowed by the Court; and

f.   Any other relief that this Court in its discretion deems just and proper.

               /s/ Robert J. Olson
Robert J. Olson
(D.C. Bar No. 1029318)
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

/s/ *Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us
DC District Court Bar# MS0009

*Counsel for Plaintiff*
GUN OWNERS OF AMERICA, INC.

Dated:  May 24, 2021

## CERTIFICATE OF SERVICE

I, Stephen D. Stamboulieh, counsel for Plaintiff, hereby certify that on this day, I have caused to be filed the foregoing document or pleading with the District Court's ECF which sent a notice and a copy of the foregoing to all counsel of record.


Dated:  May 24, 2021


/s/ *Stephen D. Stamboulieh*
Stephen D. Stamboulieh